WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deanna Kelley,<br><br>              Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>              Defendant. | No. CV-17-01373-PHX-ESW<br><br><br>**ORDER** |

      Pending before the Court is Deanna Kelley's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her applications for disability insurance benefits and supplemental security income. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 11).

      After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 16, 19, 26), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained herein, the decision is reversed

and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). The Act also provides for Supplemental Security Income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(A)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

- 2 -

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. §§ 404.1520(f), 416.920(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197,

---

[2] *Parra*, 481 F.3d at 746.

- 3 -

229 (1938)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts, ambiguity, and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1964, is a former grocery store cashier. (A.R. 23, 71). On two occasions, Plaintiff unsuccessfully applied for disability insurance benefits and supplemental security income based on alleged impairments that include fibromyalgia and chronic migraines. Plaintiff first applied for disability benefits in 2007, alleging disability beginning on December 19, 2007. (A.R. 54). Following a hearing, an ALJ

denied the applications on March 25, 2011. (A.R. 54-64). After the Appeals Council denied review, Plaintiff filed an appeal in the District Court of Arizona. The Court affirmed the ALJ's decision. *Kelley v. Colvin*, Case No. 2:12-cv-02369-MHB, 2014 WL 1202958 (D. Ariz. Mar. 24, 2014), *aff'd* 650 F. App'x 482.

In 2012, Plaintiff again filed applications for disability insurance benefits and supplemental security income, alleging changed circumstances since the previous ALJ's decision. (A.R. 171-88). Plaintiff's applications alleged a disability onset date of March 10, 2011. (A.R. 71, 85). Social Security denied the applications on January 31, 2013. (A.R. 106-13). In October 2013, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 115-22). Plaintiff sought further review by an ALJ, who conducted a hearing in August 2015.[3] (A.R. 29-50). At the hearing, Plaintiff amended her alleged disability onset date to March 26, 2011, "simply to move it after the date of the prior decision." (A.R. 32). In a September 14, 2015 decision, the second ALJ found that there were no changed circumstances to rebut the presumption of continuing non-disability. (A.R. 23). The Appeals Council denied Plaintiff's request for review. (A.R. 1-6). On May 5, 2017, Plaintiff initiated this action requesting judicial review and reversal of the ALJ's September 14, 2015 decision.

**B. The ALJ's Application of the Five-Step Disability Analysis**

The ALJ completed steps one through four of the disability analysis before finding that Plaintiff is not disabled and entitled to disability benefits.

### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 26, 2011, the amended alleged disability onset date. (A.R. 20). Neither party disputes this determination.

---

[3] Two different ALJs decided Plaintiff's 2007 and 2012 disability benefit applications. (A.R. 24, 64).

- 5 -

### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: (i) fibromyalgia; (ii) irritable bowel syndrome; (iii) history of asthma; and (iv) GERD. (A.R. 20). This determination is unchallenged.

### 3. Step Three: Presence of Listed Impairment(s)

The ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 21). Neither party disputes the ALJ's determination at this step.

### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ who decided Plaintiff's 2007 disability benefit applications found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff "must avoid climbing ladders, ropes and scaffolds and frequent exposure to extreme heat, extreme cold, concentrated fumes, odors, and gases." (A.R. 57-58). Based on the testimony of a vocational expert ("VE") and Plaintiff's RFC, the first ALJ determined that Plaintiff can perform her past relevant work as a grocery store cashier. (A.R. 63).

The ALJ who decided Plaintiff's second disability benefit applications found no changed circumstances with respect to Plaintiff's prior RFC and adopted the previous ALJ's RFC assessment. (A.R. 21-23). In making this finding, the second ALJ rejected Plaintiff's testimony that her symptoms have worsened and a recent medical assessment from Plaintiff's treating physician, Dr. Sean Wilson. (*Id.*). The second ALJ adopted the previous ALJ's finding that Plaintiff could perform her past relevant work as a grocery store cashier. (A.R. 23).

In *Chavez v. Bowen,* 844 F.2d 691, 693 (9th Cir. 1988), the Ninth Circuit explained that "the principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial

proceedings." Hence, a presumption of nondisability applies to a claimant's disability application filed after Social Security has issued a final decision that a claimant is not disabled. *Id*. To overcome the presumption, the claimant must prove "changed circumstances indicating greater disability." *Id.* (internal quotation marks and citation omitted); *see also* Acquiescence Ruling 97-4(9), 1997 WL 742758. Examples of changed circumstances precluding the application of res judicata include "[a]n increase in the severity of the claimant's impairment," "a change in the claimant's age category, as defined in the Medical–Vocational Guidelines," and a new issue raised by the claimant, "such as the existence of an impairment not considered in the previous application." *Lester v. Chater*, 81 F.3d 821, 827-28 (9th Cir. 1995) (citations omitted).

Plaintiff asserts that the record contains sufficient evidence of changed circumstances to rebut the presumption of continuing non-disability, thereby precluding the application of res judicata.[4] (Doc. 16 at 5-15). Plaintiff further argues that the ALJ failed to provide legally valid reasons for rejecting her testimony and Dr. Wilson's opinions. (*Id.* at 16-25). As explained below, the Court finds that the ALJ's conclusion that there were no changed circumstances is based on an improper rejection of Dr. Wilson's opinions.

### 5. Step Five: Capacity to Perform Other Work

The ALJ's analysis did not proceed to the fifth step as the ALJ found at step four that Plaintiff is not disabled.

### C. The ALJ Improperly Discounted Dr. Sean Wilson's Opinions

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (ii) examining physicians, who examine but do not treat the claimant; and (iii) non-examining physicians, who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. An ALJ must provide clear and convincing reasons that are supported by substantial

---

[4] Defendant argues that Plaintiff has waived the res judicata issue. (Doc. 19 at 15). Plaintiff correctly asserts that this argument is without merit. (Doc. 26 at 6).

- 7 -

evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence, such as finding that a treating physician's opinion is inconsistent with and not supported by the record as a whole. 20 C.F.R. § 404.1527(c)(4) (ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

In October 2014, Plaintiff's treating physician Dr. Sean Wilson completed a "Medical Assessment of Ability to Do Work-Related Physical Activities" (the "Medical Assessment"). (A.R. 334-35). Dr. Wilson opined that Plaintiff's fibromyalgia and migraines would affect Plaintiff's ability to function. (A.R. 334). Dr. Wilson assessed that Plaintiff would not be able to sit, stand, or walk for two or more hours during an eight-hour workday and would not be able to lift or carry more than ten pounds. (*Id.*). Dr. Wilson also opined that Plaintiff's medical conditions would cause Plaintiff to miss more than six days of work per month. (A.R. 335). The Court finds that Dr. Wilson's Medical Assessment evidences an increase in the severity of Plaintiff's impairments. "An increase in the severity of the claimant's impairment would preclude the application of res judicata." *Lester*, 81 F.3d at 827.

The ALJ assigned "very little evidentiary weight" to the opinions expressed in Dr. Wilson's Medical Assessment. (A.R. 23). The parties dispute whether Dr. Wilson's opinions are contradicted. (Doc. 16 at 18; Doc. 19 at 9). The Court does not need to decide the issue, however, as the ALJ has provided neither "clear and convincing" nor "specific and legitimate" reasons for discounting Dr. Wilson's opinions.

The ALJ first stated that "[t]o the extent that [Dr. Wilson's] treatment notes are legible, he provided little or no clinical findings to support the conclusions he reached

(Exs. B5F and B8F)." (A.R. 23). The Ninth Circuit, however, has explained that "the treating physician's opinion as to the combined impact of the claimant's limitations—both physical and mental—is entitled to special weight." *Lester*, 81 F.3d at 833. "The treating physician's continuing relationship with the claimant makes him especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment." *Id.* An ALJ is "not entitled to reject the responses of a treating physician without specific and legitimate reasons for doing so, even where those responses were provided on a 'check-the-box' form, were not accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers." *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017) (stating that "there is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments").

The record shows that Dr. Wilson began treating Plaintiff in July 2013 and examined Plaintiff numerous times. (A.R. 336-76, 408-17). In nearly every examination record, Dr. Wilson indicated joint pain in the "Abnormal Findings" section. (*Id.*). Numerous examination records from Dr. Wilson also reflect that Plaintiff had neuropathy and was prescribed narcotic pain medication for her fibromyalgia. (A.R. 363, 364, 366-76, 408-16). The Court finds that the ALJ's first reason for discounting Dr. Wilson's opinions is not "clear and convincing" or "specific and legitimate." *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (finding that an ALJ committed "a variety of egregious and important errors," including failing "to recognize that the opinions expressed in check-box form in the February 2008 RFC Questionnaire were based on significant experience with Garrison and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit").

As a second reason for discounting Dr. Wilson's opinions, the ALJ stated that Dr. Wilson's opinions "are neither supported by medically accepted clinical and diagnostic techniques nor consistent with the other substantial evidence in the record." (A.R. 23). The Court finds that the ALJ's decision does not sufficiently explain the ALJ's reasons for making this conclusion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (explaining that the Court cannot "speculate as to the grounds for the ALJ's conclusions") (internal quotation marks and citation omitted); *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (citation omitted); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion.").

For the above reasons, the Court finds that the ALJ failed to provide valid reasons supported by substantial evidence for discounting Dr. Wilson's opinions. The ALJ's finding that there is no evidence of changed circumstances is premised on the erroneous rejection of Dr. Wilson's opinions. The Court thus finds that the ALJ improperly determined that there is no evidence of changed circumstances to rebut the presumpton of continuing non-disability. This error is harmful and alone requires remand. The Court therefore does not address Plaintiff's arguments regarding the other alleged errors in the ALJ's decision.

### D. The Case Will Be Remanded for an Award of Benefits

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.

2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id*. at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.*

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id*.; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id*. at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. Dr. Wilson opined that Plaintiff would not be able to sit, stand, or walk for two or more hours during an eight-hour workday and would not be able to lift or carry more than ten pounds. (A.R. 334). At the first administrative hearing, the VE testified that Plaintiff would not be able to maintain employment if she could not sit for more than three hours in an eight hour work day and could not stand or

walk more than two hours in an eight hour work day. *Kelley,* Case No. 2:12-cv-02369-MHB, Doc. 11-4 at 41-42. The VE's testimony establishes that if Dr. Wilson's opinions were credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Gregg v. Colvin*, Case No. CV 15-01341 RAO, 2013 WL 2423132, at *5 (C.D. Cal. June 4, 2013) (additional VE testimony required because hypothetical at prior hearing did not take into account the environmental limitations resulting from plaintiff's new impairment); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective March 26, 2011 (the disability onset date).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective March 26, 2011.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 22nd day of May, 2018.

_____
Eileen S. Willett
United States Magistrate Judge